AMERICAN BRITISH TEXTILE CORP. ET AL. *v.* UNITED STATES

No. 7363.—Invoices dated Manchester, England, January 8, 1942, etc.
Certified January 9, 1942, etc.
Entered at New York, N. Y., February 20, 1942, etc.
Entry No. 739031, etc.

(Decided August 26, 1947)

*Barnes Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax described in the law of the United Kingdom entitled "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334.

A written stipulation of fact, submitting these cases, is sufficient to show that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values, less additions made by the importers on entry because of advances in similar cases.

JAMES A. STARCK *v.* UNITED STATES

No. 7364.—Invoices dated Greenfield, England, October 29, 1941, etc.
Certified October 29, 1941, etc.
Entered at Providence, R. I., December 4, 1941, etc.
Entry No. 165, etc.

(Decided August 26, 1947)

Plaintiff not represented by counsel.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of merchandise covered by the appeals for reappraisement enumerated in the annexed schedule which is marked "A" and made a part of this decision, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.